# EXHIBIT 1

IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

Case No. 15-01764CA01

NICHOLAS DECARO

    Plaintiff,

vs.

EQUINOX HOLDINGS, INC,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, NICHOLAS DECARO, sues EQUINOX HOLDINGS, INC., and states as follows:

1. Plaintiff worked for Defendant from December, 2013 through April, 2014 and brings this action for sex discrimination, marital discrimination, and unlawful retaliation in violation of the Florida Civil Rights Act Sections 760.01 – 760.11, Florida Statutes ("FCRA").

## JURISDICTION and VENUE

2. This is an action for damages which exceeds Fifteen Thousand Dollars.

3. Venue is proper in this district because the facts giving rise to this action occurred in Miami-Dade County, Florida.

4. Plaintiff is a resident of Miami-Dade County and citizen of the State of Florida.

5. Defendant is incorporated in the State of Delaware.

6. Defendant has its principal place of business in the State of New York.

7. Defendant conducts business in Miami-Dade County, Florida.

1

8. Defendant employed Plaintiff in Miami-Dade County, Florida.

9. Defendant is subject to the jurisdiction of this Court on the basis that it is operating, conducting, engaging in, or carrying on a business or business venture in Florida or it has an office or agency in this state and, as set forth more fully below, Defendant caused injury to Plaintiff within this state arising out of acts or omissions by Defendant outside of Florida and, at or about the time of injury, Defendant was engaged in service activities within Florida.

10. Defendant is also subject to the jurisdiction of this Court on the basis that it is engaged in substantial and not isolated activity within Florida.

## ADMINISTRATIVE PREREQUISITES

11. All conditions precedent to bringing this action has occurred or has been waived.

12. On June 23, 2014 Plaintiff timely filed a Charge of Discrimination with the Florida Commission on Human Relations ("FCHR").

13. It has been more than 180 days since the filing of the Charge of Discrimination and the FCHR has failed to conciliate or determine whether there is reasonable cause.

14. Defendant is an employer as defined by the laws under which this action is brought.

15. Defendant employs more than 50 employees.

## GENERAL ALLEGATIONS

16. At all times material Defendant acted with malice and reckless disregard for Plaintiff's rights protected by the FCRA.

17. Defendant has engaged in a pattern and practice of discrimination on the basis of sex (male) and marital status, as well as a pattern and practice of unlawful retaliation in response to protected activity.

18. At all times material Plaintiff was qualified to and performed his job duties within the legitimate expectations of his employer.

19. Plaintiff has been required to retain the undersigned counsel to represent him in this action and is obligated to pay his attorneys a reasonable fee for their services.

## FACTS

20. Defendant operates full-service fitness clubs throughout the United States, including one in the City of Miami Beach.

21. Plaintiff began working for Defendant in Los Angeles, California as a personal trainer.

22. In December, 2013 Plaintiff transferred to Defendant's facility located in Miami Beach, Florida.

23. Throughout his tenure Plaintiff was a hard working employee who diligently performed all of his duties on a regular basis and in a manner which met or exceeded his employer's expectations.

24. Commencing in January, 2014 Plaintiff's supervisors harassed him because of his sex and marital status and the harassment created a hostile work environment.

25. Plaintiff's supervisors instructed other employees not to refer any potential new members to him, resulting in reduced pay and loss of income.

26. When Plaintiff complained of this unfair treatment he was subjected to verbal abuse, derogatory comments and ridicule by his supervisors, in front of other employees and members.

27. Plaintiff was also denied a promotion while similarly situated employees were all given promotions and otherwise treated more favorably despite the fact that Plaintiff satisfied all requirements.

28. Defendant denied a promotion to Plaintiff and Plaintiff's sex and marital statuses were a motivating factor that prompted Defendant to deny the promotion.

29. Plaintiff's supervisors also engaged in bullying behavior and unjustifiably disciplined Plaintiff in an effort to have Plaintiff resign or transfer to another facility.

30. Defendant's supervisors also threatened Plaintiff's job by telling him that he could not work in the same facility as his wife.

31. However, at all times Defendant's supervisors were aware that Plaintiff was married and that Plaintiff and his wife worked as personal trainers at the same facility.

32. Defendant's supervisors were also aware of the fact that Defendant's company policy encourages and allows family members to work in the same facility.

33. On April 24, 2014 Plaintiff engaged in protected activity by filing a written complaint of workplace harassment with Defendant through its corporate offices located in New York.

34. Upon learning of the harassment, Defendant then took an adverse employment action in that, rather than acting promptly to stop the behavior and prevent it from recurring or opening up an investigation, Defendant choose instead to retaliate against Plaintiff and terminated his employment effective April 25, 2014.

35. The decision to terminate Plaintiff would have been done entirely or partially by Defendant's officers and agents located in New York.

36. Defendant took the adverse employment action because of Plaintiff's protected activity.

37. Plaintiff's sex and marital status was also a motivating factor that prompted Defendant to discharge Plaintiff.

38. At the time that Plaintiff was fired Defendant had actual knowledge of the harassing behavior Plaintiff had been subjected to during a period of approximately five months.

39. Defendant intentionally and willfully failed to enforce its anti-harassment policy or its policy was ineffective.

## COUNT I - SEX AND MARITAL STATUS DISCRIMINATION

40. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 39.

41. Plaintiff sues Defendant for sex (male) and marital status discrimination and hostile work environment under the FCRA.

42. During his tenure with Defendant, Plaintiff was subjected to continuous and systematic workplace harassment based on his sex (male) and marital status and the day after he filed a written complaint of a hostile work environment, Defendant retaliated against him by terminating his employment, in violation of company policy and the FCRA.

43. Defendant engaged in a pattern and practice of sex (male) and marital status discrimination and followed a course of conduct which resulted in a hostile work environment.

44. Plaintiff's supervisor subjected Plaintiff to offensive acts or statements about Plaintiff's sex and marital status.

45. Plaintiff did not welcome his supervisor's offensive acts or statements.

46. Plaintiff did not directly or indirectly invite or solicit his supervisor's offensive acts or statements

47. The offensive acts or statements were so severe or pervasive that they materially altered the terms and conditions of Plaintiff's employment.

48. A reasonable person would have found that the offensive acts or statements materially altered the terms and conditions of Plaintiff's employment.

49. Plaintiff at all times believed that the offensive acts or statements materially altered the terms of his employment.

50. Defendant's willful practice of sex and marital status discrimination and hostile work environment cannot be justified as a reasonable business necessity.

51. As a direct and proximate result, Plaintiff has been denied equal employment opportunity for wages, promotion, and other terms and conditions of employment by Defendant because of sex (male) and marital status discrimination.

52. All of the above discriminatory actions were taken by Defendant's supervisory or management personnel in order to deprive Plaintiff of employment and other employment actions because of his sex (male) and marital status.

53. Defendant has intentionally maintained these discriminatory and unlawful practices to Plaintiff's detriment.

54. The above referenced actions created an extreme hostile work environment.

55. Defendant at all relevant times knew or should have known of the above referenced discrimination against Plaintiff.

56. Defendant failed to take necessary action to prevent or correct the complained of discrimination and, in fact, ratified such conduct.

57. Defendant, through its supervisors and management, engaged in, directed or ratified discriminatory conduct and frustrated Plaintiff's efforts to obtain relief from unlawful employment practices.

58. Defendant, through acceptance of the complained of conduct, has fostered an attitude among its supervisor and managers that sex and marital status discrimination is an acceptable employment practice.

59. Because of Defendant's willful actions, and as a proximate cause thereof, Plaintiff has been and continues to be denied his rights to equal employment opportunity in violation of the FCRA.

60. As a result of the foregoing, Plaintiff has been damaged. Such damages include, but are not limited to discipline including termination from employment, loss of pay, loss of benefits, loss of supervisory or managerial positions, loss of an amicable work environment, loss of career and professional opportunities, harm to his professional reputation, humiliation, degradation, embarrassment, and severe emotional suffering. Plaintiff will continue in the future to suffer the same damages absent relief from this Court.

WHEREFORE, Plaintiff, NICHOLAS DECARO, requests prospective relief, a judgment for damages, attorneys' fees and costs and such other and further relief as this Court deems just and proper and for a trial by jury on all issues so triable.

## COUNT II - RETALIATION

61. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 39.

62. Plaintiff sues Defendant for retaliation and unlawful practices under the FCRA.

63. During his tenure with Defendant, Plaintiff was subjected to continuous and systematic workplace harassment based on his sex (male) and marital status and the day after he filed a written complaint of a hostile work environment, Defendant retaliated against him by terminating his employment, in violation of company policy and the FCRA

64. Plaintiff engaged in activity which is protected under the FCRA.

65. Defendant was aware of Plaintiff's protected activities under the FCRA.

66. As a direct and proximate result of the protected activities Plaintiff suffered adverse employment actions.

7

67. The retaliatory actions were taken by Defendant's supervisory and managerial personnel.

68. Defendant at all relevant times knew or should have known of the retaliatory actions taken against Plaintiff.

69. Defendant intentionally maintained these retaliatory and unlawful practices to Plaintiff's detriment.

70. Defendant at all relevant times knew or should have known of the retaliatory and unlawful practices being taken against Plaintiff.

71. Defendant failed to take necessary action to prevent or correct the retaliatory and unlawful actions that were taken and, in fact, ratified such conduct.

72. Defendant, through its supervisors and management, engaged in, directed or ratified unlawful retaliatory conduct and frustrated Plaintiff's efforts to obtain relief under the FCRA.

73. Defendant, through acceptance of the complained of conduct, has fostered an attitude among its supervisors and managers that retaliation against employees in order to discourage protected activity and the filing of complaints, particularly against supervisors is an acceptable employment practice.

74. Because of the willful actions of the Defendant and its supervisors and managers, and as a proximate cause thereof, Plaintiff has been and continues to be denied his rights to equal employment opportunity in violation of the FCRA.

75. As a result of the foregoing, Plaintiff has been damaged. Such damages include, but are not limited to discipline including termination from employment, loss of pay, loss of benefits, loss of supervisory or managerial positions, loss of an amicable work environment, loss of career and professional opportunities, harm to his professional reputation, humiliation, degradation,

embarrassment, and severe emotional suffering. Plaintiff will continue in the future to suffer the same damages absent relief from this Court.

WHEREFORE, Plaintiff, NICHOLAS DECARO, requests prospective relief, a judgment for damages, attorneys' fees and costs and such other and further relief as this Court deems just and proper and for a trial by jury on all issues so triable.

## COUNT III – INJUNCTIVE RELIEF

76. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 39.

77. Plaintiff sues Defendant for injunctive relief pursuant to the FCRA.

78. During his tenure with Defendant, Plaintiff was subjected to continuous and systematic workplace harassment based on his sex (male) and marital status and the day after he filed a written complaint of a hostile work environment, Defendant retaliated against him by terminating his employment, in violation of company policy and the FCRA

79. Under the facts as alleged herein, Plaintiff has a substantial likelihood of success on the merits with regard to his claims under the FCRA.

80. If Plaintiff is reinstated but an injunction does not issue enjoining Defendants from engaging in further acts of discrimination or retaliation then Plaintiff will suffer irreparable harm as he may be subjected to further discrimination and/or retaliatory conduct and monetary relief alone will be an insufficient remedy if Plaintiff is subjected to further harm.

81. The injury to which Plaintiff may be subjected to outweighs any harm that an injunction may cause to Defendant.

82. If an injunction is issued it will not disserve the public interest but rather will prevent further discriminatory and/or retaliatory conduct on the part of the Defendants.

83. Plaintiff has a legal right to an injunction pursuant to Fla. Stat. sec. 760.11.

84. Injunctive relief should issue to require the following:

   a. Directing Defendant to change Plaintiff's status from ineligible to eligible for rehire.

   b. Directing Defendant to expunge any and all derogatory information from Plaintiff's personnel file, including discriminatory or retaliatory discipline forms.

   c. Reinstatement to Plaintiff's former position, or to a position substantially similar to his former position.

   d. Precluding Defendant from engaging in any future unlawful employment practice or discriminatory conduct.

WHEREFORE, Plaintiff, NICHOLAS DECARO, requests injunctive relief, attorneys' fees and costs and such other and further relief as this Court deems just and proper and for a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiff, NICHOLAS DECARO respectfully demands judgment and seeks a Final Judgment against Defendant, EQUINOX HOLDINGS, INC., for the following:

   A. An injunction, declaratory relief, or other order prohibiting and otherwise providing affirmative relief from the effects of the discriminatory practice complained of herein.

   B. Compensation for back pay, reinstatement or alternatively front pay, and other applicable remuneration, including but not limited to wages, benefits, and accrued vacation time.

C. Compensation for Plaintiff's mental anguish, loss of dignity, emotional pain, suffering, inconvenience, loss of enjoyment of life, emotional distress, and humiliation;

D. Punitive damages;

E. The costs of this action, including reasonable attorney's fees pursuant to the FCRA; and

F. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, NICHOLAS DECARO, hereby requests a trial by jury on all issues so triable

DATED this 23 day of January, 2015.

Respectfully submitted,

By /s/ Ronnie Guillen
Christopher W. Wadsworth
Fla. Bar No. 78026
E-Mail: cww@wadsworth-law.com
Ronnie Guillen
Fla. Bar No. 842001
E-mail: rg@wadsworth-law.com
Wadsworth Huott, LLP
14 NE 1st Avenue
10th Floor
Miami, Florida 33132
Telephone: 305-777-1000
Facsimile: 305-777-1001
Attorneys for Plaintiff